UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCIA COHEN, )
        Plaintiff )
)
)
)
       v. ) Civil Action No. 10-10002-MAP
)
)
)
STATE OF NEW YORK – NEW YORK )
ATTORNEY GENERAL, ET AL., )
        Defendants )

REPORT AND RECOMMENDATION WITH REGARD TO
THE NEW YORK DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF NEW YORK (Document No. 17)
October 4, 2010

NEIMAN, M.J.

Marcia Cohen ("Plaintiff"), proceeding *pro se*, has filed a multi-count complaint against four New York governmental entities: (1) the State of New York – New York Attorney General (hereinafter "the Attorney General's Office"), (2) the NYS Department of Taxation and Finance (referred to in Plaintiff's complaint as "the New York Department of Taxation"), (3) the NYS Commission on Judicial Conduct (hereinafter "the CJC"), and (4) Columbia County. The first three of those defendants (hereinafter "the New York Defendants") have moved to dismiss Plaintiff's complaint on venue grounds, *see* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §§ 1391(b), 1406(a), or, in the alternative, to transfer venue to the United States District Court for the Northern District of New York, *see* 28 U.S.C. §§ 1404(a), 1406(a). They also claim they are sovereignly

immune. The other defendant, Columbia County, has answered the complaint although, in doing so, it too seeks venue dismissal or a transfer to New York State. (See Columbia County Answer at 2 and Seventh Affirmative Defense.)

The New York Defendants' motion to dismiss or transfer has been referred to this court for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons indicated below, this court believes that transfer of this entire action to the Northern District of New York is warranted and will so recommend.

I. BACKGROUND

The following facts come from Plaintiff's amended complaint.[1] They are presumed true for purposes of the New York Defendants' motion to dismiss or transfer.

Plaintiff is a resident of Pittsfield, Massachusetts. (Amended Complaint ¶ 1.) As reported by a series of New York Times articles, New York State has problems in its justice courts and repeated attempts to reform those courts have failed. (Id. ¶¶ 4-6.) Indeed, Plaintiff asserts, a federal judge ruled in 2006 that the process by which New York Supreme Court judicial candidates are selected is unconstitutional. (Id. ¶ 7.)

Plaintiff alleges that, even with knowledge of these problems, New York State has resisted corrective efforts. (Id. ¶ 8.) In particular, Plaintiff claims to have experienced, first hand, New York State's failed court system while she was a resident of Massachusetts going through divorce proceedings for approximately six years in front of Justice George Cobb of the Columbia County, New York Supreme Court. (Id. ¶

---

[1] Today, the court has allowed, without opposition, Plaintiff's motion to amend her complaint. While the New York Defendants' motion technically targets Plaintiff's original complaint, her amended complaint is virtually identical.

11.) Because Plaintiff was not a resident of New York State and did not know anyone in Columbia County, she asserts, Justice Cobb favored her husband and her husband's business partners by making inconsistent rulings which discriminated against her and denied her due process and equal protection under the law. (*Id.* ¶¶ 11-23.)

Plaintiff also asserts that, until two years ago, she believed that a $2,800 tax bill owed to the New York Department of Taxation was resolved during the six-year divorce proceeding. (*Id.* ¶ 24.) In fact, the tax bill was never paid by her husband -- as Plaintiff believed it was based upon assurances made by her divorce attorney -- and has been accruing interest for so long that the total due as of August of 2008 was $18,466. (*Id.* ¶¶ 24, 25.) According to Plaintiff, New York State is both directly and indirectly responsible for this tax bill for at least three reasons: (1) the many constitutional violations that occurred during the divorce proceedings; (2) her "first legal counsel rendered no bill, stating his primary service was [an] 'Agreement ensuring Plaintiff's husband, Marvin Cohen, would assume responsibility for both the [Internal Revenue Service ("IRS")] and related New York State Tax bills'"; and (3) unlike the IRS, the New York Department of Taxation failed to file a lien in Columbia County. (*Id.* ¶¶ 26-28.) Had the New York Department of Taxation filed a lien, Plaintiff continues, its interests would have taken precedence over all claims to the surplus funds available after the divorce foreclosure proceedings. (*Id.* ¶ 28.) Plaintiff further asserts that, while the original tax bill of $2,800 is not in dispute, New York State should not benefit by the roughly $16,000 in accrued interest since the New York Department of Taxation failed to follow proper procedures. (*Id.* ¶¶ 33-35.)

3

Continuing, Plaintiff alleges that, in response to Justice Cobb's "unconstitutional" conduct, she sought assistance from the CJC. (*Id.* ¶ 30.) However, since "there is [an] inherent conflict of interest for one New York State Agency to assess the conduct of another, and [because] the [CJC] would be reluctant to find fault with judicial decisions that would negatively impact the same entity (New York State) that the [CJC] represents," the CJC decided that all of the judge's challenged decisions "were acceptable." (*Id.* ¶¶ 30-31.) Consequently and because the CJC chose to discriminate against her based upon her Massachusetts residence, Plaintiff claims that she must continue to deal with the unconstitutional acts committed by Justice Cobb. (*Id.* ¶ 32.)

Those being the facts, the complaint asserts that this is a federal "civil rights" action brought pursuant to 28 U.S.C. § 1331 to redress various provisions of the United States Constitution. (*Id.* at 1, 4.) Plaintiff's eight causes of action are titled as follows: "Count One – Divorce Proceedings, Equitable Distribution"; "Count Two – Foreclosure – Usury Charge"; "Count Three – Foreclosure – Accounting of Rents"; "Count Four – Foreclosure – Surplus Funds"; "Count Five – Divorce Decree"; "Count Six – Unresolved Tax Bill"; "Count Seven – Application to [CJC] for Review of Decisions by Justice George Cobb"; and "Count Eight – New York State Attempts to Benefit from its own Wrongdoing by Collection of Tax Bill that Would be Paid if State Acted Correctly." (*Id.* at 9-17.) As relief, Plaintiff seeks a variety of declaratory judgments, restitution, damages, court costs, and interest. (*Id.* at 18-19.)

## II. D<small>ISCUSSION</small>

In the court's view, the New York Defendants' venue arguments are well-

founded. Preliminarily, there can be no dispute that venue does not lie in this judicial district. According to the relevant statute, a federal question action such as this may be brought "only" in the following: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). As Defendants note, each alternative points to the Northern District of New York as the exclusive venue for Plaintiff's complaint.

Plaintiff makes no legal argument that the Northern District of New York ought not be the exclusive venue. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086-87 (1st Cir. 1979) (noting that the plaintiff has the burden of proving that it has brought the action in a permissible forum). At most, Plaintiff bemoans the possibility that "the formidable influence of political players in the capitol city of Albany, New York, may . . . impair the process of justice in unpredictable ways." (Pl.'s Opp'n New York Defs.' Motion to Dismiss or Transfer (Document No. 20) at 5.) But she cites no statutory or case law establishing any right to bring her case here, and the court itself cannot create a legal justification out of whole cloth, *see Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir. 2005) (deeming waived "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation"); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's

5

work"), even taking into account the leniency the court extends to *pro se* litigants, *see Watson v. Trans Union LLC*, 223 Fed.Appx. 5, 2007 WL 613724, at *2 (1st Cir. Mar. 1, 2007) (noting that "while pro se litigants are held to a less stringent standard, they are not immune from [the] requirements" of making at least some attempt at legal argument) (citations omitted).

There being no proper venue here, an outright dismissal of Plaintiff's action is authorized. Not only does Fed. R. Civ. P. 12(b)(3) allow for such dismissal, the applicable venue statute does as well. *See* 28 U.S.C. § 1406(a). To be precise, the statute *mandates* that the court either "dismiss" or "transfer" an improperly-venued action: "The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or* if it be in the interest of justice, *transfer* such case to any district or division in which it could have been brought." *Id.* (emphasis added). In other words, while the court has a choice -- to either "dismiss" the case or "transfer" it to a proper district -- it *must* do one or the other. *See Euro-Pro Operating LLC v. Scutte*, 2006 WL 239802, at *6 (Jan. 31, 2006) ("When venue is improper in the district in which a case is originally filed, a court *shall dismiss the case or . . . transfer it* to another district in which it could have been brought.") (emphasis added); *Rooney v. Walt Disney World Co.*, 2003 WL 22937728, at *5 (D. Mass. Nov. 25, 2003) (describing the statute's "material" force, *i.e.*, it provides that if venue is improper, "the court should either dismiss the case or . . . transfer" it).

Here, despite the appropriateness of dismissal, the court will recommend transfer to the Northern District of New York. "Courts have found that transfer is

particularly appropriate under § 1406(a) where, absent a transfer, 'the plaintiff faced a loss of his cause of action due to the operation of the applicable statute of limitations.'" *Dindio v. First Babylon, Inc.*, 328 F. Supp. 2d 126, 128 (D. Mass. 2004) (quoting *Mulcahy v. Guertler*, 416 F. Supp. 1083, 1086 (D. Mass. 1976)). *Cf.* 28 U.S.C. § 1404(a) (alternatively allowing a discretionary transfer, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where [the civil action] might have been brought"). To be sure, Plaintiff has not raised a timeliness concern. But Columbia County has at least mentioned the statute of limitations as a possible defense (see Columbia County Answer, Fifth Affirmative Defense), and other courts have "held that transfer is generally preferable to dismissal," *Cormier v. Fisher*, 404 F. Supp. 2d 357, 363 (D. Me. 2005) (collecting cases). Moreover, by suggesting a transfer, the New York Defendants certainly do not object to that outcome.

To be sure, the New York Defendants, alternatively, seek dismissal based on a sovereign immunity defense. However, as Chief Judge Mary M. Lisi of the District of Rhode Island recently determined, citing a Supreme Court ruling in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962), "the intent of the statute governing transfer was to help plaintiffs 'avoid injustice' where their actions were dismissed not on the merits, but for their inability to ascertain where venue might lie." *Moore v. Southern New Hampshire Med. Ctr.*, 2009 WL 5214879, at *11 (D. Mass. Aug. 18, 2009) (quoting *Macamaux v. Millard*, 2009 WL 210455, at *5 (D.R.I. Jan. 28, 2009)). That observation rings true here as well inasmuch as it appears, for the reasons stated, more appropriate to transfer venue than to dismiss the case. *See also Kelly Omni Lingual*

*Servs, Inc.*, 2007 WL 3333195, at *2 (D.N.H. Sep. 6, 2007) ("Because venue is not proper, and because improper venue is dispositive, the court declines to reach defendants' other grounds."). Accordingly, instead of recommending outright dismissal -- either because of the complaint's venue problems or the potentially-successful sovereign immunity defense -- the court, as indicated, will simply recommend that the case be transferred to the Northern District of New York.

### III. CONCLUSION

For the reasons stated, the court recommends that the New York Defendants' motion, to the extent it seeks a transfer, be ALLOWED and that the entire action (including the claims against Columbia County) be transferred to the Northern District of New York.[2]

DATED: October 4, 2010

                                            /s/   Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            U.S. Magistrate Judge

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.