UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MARCIA COHEN,

        Plaintiff,

  -against-            1:10-CV-1300 (LEK/RFT)

STATE OF NEW YORK - NEW YORK
ATTORNEY GENERAL; NEW YORK
DEPARTMENT OF TAXATION; NEW
YORK STATE COMMISSION ON
JUDICIAL CONDUCT; NEW YORK
COLUMBIA COUNTY, *et al*.,

        Defendants.
_____

## **MEMORANDUM-DECISION and ORDER**

  Presently before the Court are a Motion to dismiss ("Mot. to Dismiss") (Dkt. No. 29) filed on November 8, 2010, by New York State's Attorney General ("AG"), Department of Taxation and Finance ("the DOT"), and Commission on Judicial Conduct ("the CJC") ("State Defendants"), and Columbia County ("County Defendant")'s Cross-motion to dismiss, filed on December 3, 2010. Cross-mot. to Dismiss (Dkt. No. 34). Plaintiff Marcia Cohen ("Plaintiff") has filed an Opposition to both Motions to dismiss. Memorandum in opposition to Motions to dismiss ("Opp'n Mem.") (Dkt. No. 36) at 9-11.

  Plaintiff commenced this action *pro se* on January 4, 2010, and later filed an Amended Complaint on July 22, 2010. Complaint ("Compl.") (Dkt. No. 1); Amended Complaint ("Am. Compl.") (Dkt. No. 21-1). Plaintiff's Complaint was originally filed in federal court in Massachusetts, but was transferred to the Northern District of New York on October 28, 2010, pursuant to a Motion to transfer or dismiss filed by Defendants. Compl.; Motion to transfer or

dismiss ("Mot. to Transfer") (Dkt. No. 17); Memorandum and Order regarding Motion to transfer or dismiss ("Transfer Order") (Dkt. No. 26-2). Plaintiff's claims against Defendants stem from events that allegedly occurred during and as a result of her divorce proceedings. Am. Compl. ¶¶ 5-35. Plaintiff's Amended Complaint is apparently filed pursuant to 42 U.S.C. § 1983 ("§ 1983"), as she contends that Defendants acted in violation of the Privileges and Immunities Clause and the Fourteenth Amendment of the United States Constitution. Id. at 1; U.S. CONST. art. IV, § 2, cl. 1; U.S. CONST. amend XIV, § 1. For the reasons stated below, Defendants' Motion and Cross-motion to dismiss are granted.

## I. BACKGROUND

In the Amended Complaint, Plaintiff details her allegations against the various State and County Defendants. Although he is not named as a defendant, the majority of Plaintiff's claims are against Columbia County Supreme Court Justice George Cobb. Am. Compl. ¶¶ 11-28. She contends that in addition to wrongfully denying her a divorce, Justice Cobb improperly denied her access to funds from the family business, unfairly allowed her husband's business partner to untimely amend a submission to the court while denying Plaintiff the ability to similarly file late, and improperly allowed funds from a relevant foreclosure to be distributed without notice during her divorce proceedings. Id. ¶¶ 11-23. She also claims that the "underlying political justice system," as well as Justice Cobb's decisions, resulted in a state of confusion that caused a state tax bill to go unpaid. Id. ¶¶ 24-28.

Plaintiff's remaining allegations concern the DOT and CJC. She claims that the DOT never contacted her or otherwise made her aware of an outstanding tax bill on a foreclosed property, originally for $2800.10, that has since ballooned to over $20,000 with interest and penalties. Id. ¶

29. According to Plaintiff, the DOT should have placed a lien on the property to pay the bill from the proceeds of the foreclosure sale. Id. ¶¶ 28, 33. Plaintiff also takes issue with the CJC, to whom she complained about Justice Cobb's actions, for finding his decisions acceptable. Id. ¶¶ 31-32. Plaintiff claims that the actions of Justice Cobb, the DOT, and the CJC are all evidence of New York's unconstitutional discrimination against her because she is a Massachusetts resident. Id. ¶ 35.

## II. STANDARD OF REVIEW

Under FED. R. CIV. P. 8(a)(2), pleadings "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but the complaint must provide the defendant with fair notice of the claim and its basis. Conley v. Gibson, 355 U.S. 41, 47 (1957). Failure to state a claim upon which relief can be granted is grounds for dismissal. FED. R. CIV. P. 12(b)(6).

To prevent dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard does not require that the alleged events probably happened, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When ruling on a motion to dismiss, courts must accept all factual allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and draw all inferences in favor of the nonmovant. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Mere legal conclusions are not entitled to the assumption of truth, so only factual allegations will be assessed when determining the plausibility of a claim. Iqbal, 129 S.Ct. at 1950. A court's determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted).

In addition, the Second Circuit requires courts to be more cautious when dismissing *pro se* complaints. Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991). This does not mean that a party's *pro se* status exempts her from "compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). However, the Court must liberally construe *pro se* submissions, McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), and interpret them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III. DISCUSSION

State Defendants argued that Plaintiff's Amended Complaint warrants dismissal on the grounds that they are protected by sovereign immunity. Mot. to Dismiss at 3-6. County Defendant contends that Plaintiff's Amended Complaint fails to state a cause of action against it because Plaintiff alleges no misconduct that can be attributed to the County. Cross-mot. to Dismiss; see also Answer (Dkt. No. 9) at 1. The Court addresses each of these arguments in turn.

### A. State Defendants: Sovereign Immunity and Rooker-Feldman

The Eleventh Amendment provides that federal judicial power does not extend to "any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." U.S. CONST. amend. XI. The basic principle of the Eleventh Amendment is that each state retains a degree of sovereignty protecting it from suit in federal court by citizens outside the state. See Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 751-52 (2002); Hans v. Louisiana, 134 U.S. 1, 10-11 (1890). When the defendant is protected by sovereign immunity, the case must be dismissed. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 76 (1996); Ford Motor Co. v. Dep't of Treasury of State of Ind., 323 U.S. 459, 470 (1945).

-4-

The doctrine of sovereign immunity operates as a bar to suits where the state is the real party of interest, even if it is not named as a party. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). For example, sovereign immunity extends to state officials acting in their official capacity. See Ford Motor Co., 323 U.S. at 462; Great N. Life Ins. Co. v. Read, 322 U.S. 47, 50 (1944). State agencies are also often entitled to sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Fla. Dep't of Health and Rehabilitative Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981). In assessing whether a state agency is immune from suit, the Supreme Court has held that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Ford Motor, 323 U.S. at 464. Even where state money is not at stake, the potential legal liability of the state is cause to extend sovereign immunity to agencies that are arms of the state. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997). In determining whether an agency is an arm of the state and therefore immune from suit, the Second Circuit has considered a number of factors, including: whether the agency is an independent political subdivision, whether its governing members are appointed by the state, whether its funding is provided by the state, whether it is performing a function traditionally done by the state, whether the state has veto power over the agency, and whether the agency's decisions are binding on the state. See Feeney v. Port Auth. Trans-Hudson Corp., 873 F.2d 628, 630-31 (2d Cir. 1989) (citing Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 401-02 (1979)).[1]

---

[1] There are few exceptions to the sovereign immunity doctrine. Citizen suits against states may proceed if the state has explicitly waived its right to immunity. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238-40 (1985). Also, under specific conditions, Congress may abrogate sovereign immunity where it has clear constitutional authority to do so, or where the state has consented to waive its immunity as a condition of accepting federal funds. See Atascadero, 473 U.S. at 247; Fitzpatrick v. Bitzer, 427

State Defendants contend that the Eleventh Amendment grants them immunity from Plaintiff's suit because they are being sued either in their official capacities or in their capacities as arms of the state. Mot. to Dismiss at 3-6. As none of Plaintiff's claims mention the AG specifically, the Court concludes that he is being sued in his capacity as a state official, based on the nature of the Amended Complaint. See Am. Compl. Accordingly, the Court finds that the AG is protected under sovereign immunity here. See Ford Motor Co., 323 U.S. at 462.

Turning to the DOT and the CJC, the Court finds that they both qualify for sovereign immunity as well. The Supreme Court has established that suits against state tax agencies constitute suits against the state. See Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 576 (1946). As for the CJC, it was created by a state constitutional amendment to review complaints of judicial misconduct and to discipline judges accordingly; members are appointed by various heads of the state government. N.Y. CONST. art. VI, § 22. Because it is a state commission (and not an independent political subdivision), its members are appointed by heads of the state government, it is funded directly from the state fisc, and its role is to oversee judges in the state judicial system, the

---

U.S. 445, 456 (1976).

In her Opposition, Plaintiff contends that Defendants are not protected by immunity, citing to a text discussing civil actions against state and local government in support of her position. Opp'n Mem. at 10,14. However, the text referenced is discussing suits brought in state courts; the cases cited are inapposite. See 1 CIVIL ACTIONS AGAINST STATE AND LOCAL GOVERNMENT: ITS DIVISIONS, AGENCIES, AND OFFICERS §§ 1.19-1.20 (2011). She also cites Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 727 (2003), wherein the Supreme Court upheld Congress' authority to abrogate sovereign immunity under § 5 of the Fourteenth Amendment through specific provisions of the Family and Medical Leave Act. Plaintiff's claims here do not fall under that statute; therefore, Hibbs does not apply. Id. at 726-27. Rather, Plaintiff's claims are properly construed as being brought pursuant to § 1983, which the Supreme Court has held did not abrogate state sovereign immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979). Additionally, because the state has not waived its immunity, that exception to sovereign immunity does not apply.

Court concludes that the CJC also acts as an arm of the state.[2]  See Feeney, 873 F.2d at 630-31.

At the same time, the Supreme Court has held that suits for injunctive relief may be brought against state officials acting under color of state law, if those officials are acting in violation of the Constitution.  Ex Parte Young, 209 U.S. 123, 160 (1908) ("The state has no power to impart to [an official] any immunity from responsibility to the supreme authority of the United States.").  The Court has a duty to interpret *pro se* pleadings "to raise the strongest arguments they suggest."  Burgos, 14 F.3d 790.  Under that standard, it is possible to construe Plaintiff's request for "a judgment that New York State violated Section 1 of the Fourteenth Amendment, and the Privileges and Immunities Clause, Article IV of the Constitution, Section 2, Clause 1" as a request for a declaratory judgment against the AG.  Am. Compl. at 18.  The Ex Parte Young doctrine does provide for declaratory judgments against state officials.  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997).

Defendants contend that this exception does not apply because Plaintiff has failed to show that they acted "without any authority whatsoever under state law," citing in support of this argument Sherwin-Williams Co. v. Crotty, 334 F. Supp. 2d 187, 196 (N.D.N.Y. 2004).  It is true that sovereign immunity does not apply to state officials who have acted "without any authority whatever."  Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 697 (1982).  However,

---

[2] Furthermore, there is reason to believe that Plaintiff intended New York State to be the real party in interest here.  See Edelman, 415 U.S. at 663.  In the Amended Complaint, Plaintiff lists "State of New York" as a defendant and repeatedly refers to New York State as a party.  Am. Compl. at 4, 17-18 (claiming that "Defendant New York State has been and continues to be negligent" and that "New York State attempts to benefit from its own wrongdoing by collection of tax bill that would be paid if state acted correctly," and requesting the Court to "enter a judgment that New York State violated Section 1 of the Fourteenth Amendment, and the Privileges and Immunities Clause, Article IV of the Constitution, Section 2, Clause 1").  Plaintiff's treatment of the State of New York as a defendant indicates that, essentially, her claim is against the state.

the court in Crotty addressed only state law claims brought by the plaintiff, while noting that sovereign immunity also would not apply to "state officials who, in the course of acting in their official capacities, have violated federal law." 334 F. Supp. 2d 187 (citing Ex Parte Young, 209 U.S. 123 at 159-60). Because Plaintiff here is claiming violations of federal law rather than state law, Crotty is inapplicable.

However, even if Plaintiff could establish that sovereign immunity does not apply here under Ex Parte Young, her claims are precluded by the Rooker-Feldman doctrine, which provides that the Supreme Court is the only federal court authorized to exercise appellate jurisdiction over state court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In essence, the doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) ("[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.") (quoting Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir.1984)). The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court; (2) the injuries of which the plaintiff complains must have been caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; (4) the state court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005)) (internal quotations omitted). Where Rooker-Feldman applies,

federal district courts do not have jurisdiction over the case and it must be dismissed. See Rooker, 263 U.S. at 415-16.

This case clearly meets all four requirements necessary for the Rooker-Feldman doctrine to apply. Except for the claim that the DOT improperly handled her tax bill, which is precluded under sovereign immunity, all of Plaintiff's complained-of injuries stem from state court judgments that were unfavorable to her, thereby satisfying the first two requirements. Am. Compl. ¶¶ 11-35. Now that the state court proceedings have concluded, Plaintiff is inviting a federal court to review and reject that judgment, therefore satisfying the latter two requirements that warrant applying the Rooker-Feldman doctrine here. See Hoblock, 422 F.3d at 85. Under Rooker-Feldman, the Court does not have jurisdiction over those claims, so even if Plaintiff is seeking declaratory relief under Ex parte Young, her claim must be dismissed. The Court thus finds that State Defendants' Motion to dismiss must be granted.

### B. County Defendant: Failure to State a Cause of Action

County Defendant argues that Plaintiff's Complaint against it should be dismissed for failure to state a cause of action. Cross-mot. to dismiss at 5. Apart from the claim that the events resulting in Plaintiff's Complaint took place in Columbia County, Plaintiff makes no allegations of misconduct on the part of the County. See Am. Compl. In response to County Defendant's Cross-motion, which explains that Justice Cobb was acting as an officer of the state court system, and "not an officer, agent, employee or elected official of the County of Columbia," Plaintiff merely replies that she is unable to respond to the statement "[w]ithout legal counsel and proper understanding of the relationship between New York State and its Counties" and reiterates her contention that the relevant events occurred in Columbia County. Cross-mot. to dismiss at 5; Opp'n Mem. at 11.

County Defendant's assertion that the Columbia County Supreme Court is a part of the New York State unified court system is correct. N.Y. CONST. art. VI, § 1. Columbia County therefore cannot be held liable for the acts of Justice Cobb as a state employee. Even treating all of Plaintiff's factual allegations as true, she has not made any plausible claims against Columbia County. Because Plaintiff alleges no misconduct by Columbia County, she has failed to state a claim against County Defendant and the Cross-motion to dismiss must be granted.

County Defendant further notes that even if Justice Cobb were a county official, suit against him would be barred under the doctrine of judicial immunity. Cross-mot. to Dismiss at 6. In response, Plaintiff argues that judicial immunity is not a "blanket immunit[y]." Opp'n Mem. at 11. While it is not absolute, judicial immunity is a broad concept, and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). In New York, the state supreme courts have jurisdiction over all divorce proceedings. See Graves v. Graves, 177 Misc.2d 358, 360 (N.Y. Sup. Ct. 1998). Thus, the Court concludes that Justice Cobb would be protected by judicial immunity, should Plaintiff file claims against him that are the same as those presently before the Court.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that State Defendants' Motion to dismiss (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED**, that County Defendant's Cross-motion to dismiss (Dkt. No. 34) is

**GRANTED**; and it is further

 **ORDERED**, that the Clerk serve a copy of this Order on all parties.

 **IT IS SO ORDERED**.

DATED: August 11, 2011
    Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge